# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL I. GOLDBERG,**
                       **Plaintiff,**

**-vs-**                                                                    **Case No.  6:06-cv-542-Orl-18JGG**

**SHELDON WILSON,**
**a/k/a Sheldon L. Wilson,**
                       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

At the hearing held on November 7, 2006, to address the Receiver's Motion foe Enlargement of Time to Conduct Case Management Conference and to File Case Management Report, the Receiver made an *ore tenus* motion to strike Defendant Sheldon Wilson's answer and to enter default. For the reasons stated below, the Court recommends granting the motion.

I.    **PROCEDURAL HISTORY**

Plaintiff, Michael I. Goldberg as Receiver for W.L. Ware Enterprises and Investments, Inc. d/b/a Ware Enterprises and Investments, Inc. Ware Enterprises and Investments, LLC, d/b/a W.L. Ware Enterprises and Investments, LLC, filed his complaint on April 21, 2006. Docket No. 1. Wilson agreed to waive service of process and filed his answer on August 10, 2006. Docket 6, 8. Wilson has not complied with the Interested Persons Order, which required filing a certificate of interested persons within eleven days of the party's first appearance. Docket No. 2. Wilson also has not complied with the Related Case Order, which required filing a certification as to whether the instant action is related to any other case within eleven days of the party's first appearance. Docket No. 3.

Further, pursuant to the terms of the Related Case Order, the deadline for the parties to meet to prepare the Case Management Report was October 9, 2006 (sixty days from the date of Wilson's answer). Docket No. 3. Plaintiff's counsel attempted on at least <u>nine</u> separate occasions to coordinate a time for the parties to meet and conduct the Case Management Conference, but Wilson failed to cooperate. Docket No. 10 at 2-3. Plaintiff then sought an extension of time to comply with the Related Case Order and to submit a Case Management Report. *Id*.

Plaintiff's counsel made three separate efforts to schedule a meeting with Rhett. Docket No. 17-1 at 3-4. On February 2, 2006, Rhett informed Plaintiff's counsel that he did not want to come to Orlando to meet, and asked Plaintiff's counsel to try to get the Court's permission to conduct the meeting telephonically. Docket No. 17-1 at 3. Plaintiff's counsel filed a motion to conduct the meeting telephonically, and the Court granted the motion. Docket Nos. 14, 15.

The Court scheduled a hearing on Plaintiff's motion and ordered Wilson to appear personally at the hearing. Docket No. 11. The Order informed Wilson that failure to appear "may subject a party to sanctions by the Court, including but not limited to, striking of pleadings, dismissal of the case or entry of default." *Id*. Wilson failed to appear at the hearing, and has offered no excuse for his failure to appear. Plaintiff's counsel informed that Court that she also sent to Wilson by e-mail the Court's Order entered at Docket 11, and that she had received no communication from Wilson. The Court conducted the hearing in Wilson's absence, and entered a Case Management Scheduling Order based on the Plaintiff's unilateral requests. Docket No. 15.

II. **THE LAW**

Courts have the inherent authority to control the proceedings before them, which includes the authority to impose reasonable and appropriate sanctions. *Martin v. Automobili Lamborghini*

*Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002).  The Court's inherent authority includes the power to enter a default judgment in response to an attorney's dilatory tactics.  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986).  *Cf., Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  *Pro se* litigants are subject to the same laws and rules of court as other litigants, including rules that provide for sanctions for misconduct and failure to comply with court orders.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989).

Defendant Wilson has failed to comply with three specific orders of this Court: the Interested Persons Order (Docket No. 2); the Related Case Order (Docket No. 3);[1] and the order to appear personally at the hearing on Plaintiff's motion to extend time.  Docket No. 11.  The order to appear notified Wilson that failure to appear could result in the striking of pleadings and the entry of default.  The Court concludes that Wilson's failure to appear at the hearing was deliberate and that throughout the litigation Wilson has acted purposefully to delay these proceedings.

The Court has considered whether lesser sanctions would be appropriate in this case, and has rejected them as being unlikely to cause Wilson to comply with Court orders.  There is a history of willful disobedience to Court orders, despite the Court's plain warning of the risks.

---

[1] The Case Management and Scheduling Order provides a second opportunity for Wilson to comply with the Court's previous orders by filing his Certificate of Interested Persons and Certification re Related Cases by November 21, 2006.  Docket 15.

The Court, therefore, **RECOMMENDS** that:

1. Wilson's answer at Docket No. 8 be stricken from the record; and

2. The Clerk be directed to enter Wilson's default.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Counsel of Record
Unrepresented Party